UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CLARK J. GEBMAN,

                                Plaintiff,

     v.                                                  08-CV-307

CHARLES KELLY et al,

                                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

**I.     INTRODUCTION**

Clark Gebman commenced the instant civil rights complaint pursuant to 42 U.S.C. § 1983, against: Charles Kelly, individually and in his official capacities as Democratic Party Leader and Beacon City Council Member; Steve Gold, individually and as Democratic Election Official Designee and former Ward Council Member and current Beacon City Mayor; Lee Kyriacou, individually and as former Beacon City Council Member, Democratic Party District Leader and Executive Director of the New York State Office of Real Property Services; Clara Lou Gould, individually and as former Beacon City Mayor; Joe Braun, individually and in his official capacity as former Beacon City Manager; Beacon City; the United States; New York State; Eliot Spitzer, individually and in his official capacity as former Governor and former New York State Attorney General; Bear Sterns & Co., Inc.; 283 Madison LLC; and the New York State Democratic Committee.

Although difficult to decipher and comprehend Plaintiff's prolix and convoluted Complaint, Plaintiff appears to be alleging a long-running conspiracy by these defendants to deprive him of his rights by declining to release certain property-tax information that he requested, thereby impairing his ability to pursue business ideas to resell the information and to run for public office.  Plaintiff also alleges that Bear Sterns, his wife's employer, harassed her, and that its behavior is somehow tied to the public officials' conspiracy to deprive him of his rights.  Plaintiff seeks $50 billion in damages.  See Third Amended Complaint ("Complaint"), ¶ 132.  Presently before the Court are Defendants' Motions to Dismiss[1] and Bear Sterns' Motion for Rule 11 Sanctions.

## II.        STANDARD OF REVIEW

In addressing a motion to dismiss, the Court must accept all factual allegations in the complaint and draw all reasonable inferences in Plaintiffs' favor.  Ruotolo v. City of New York, 514 F.3d 184, 188 (2d Cir. 2008). The complaint must plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, --- U.S. ---, 127 S.Ct. 1955, 1974 (2007).  Fed. R. Civ. P. Rule 12 requires that the complaint's "[f]actual allegations be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true."  Id. at 1965.

---

[1] All Defendants have moved to dismiss except the State of New York and the New York Democratic Committee.

### III. DISCUSSION

#### a. Elliot Spitzer

Defendant Spitzer moves to dismiss on the ground that the claims against him are time-barred. Plaintiff appears to assert a claim against former Governor and New York State Attorney General Elliot Spitzer for an illegal restraint of trade. Complaint, ¶ 20.

Gebman's antitrust cause of action against Defendant Spitzer is time-bared by the applicable four-year statute of limitations. 15 U.S.C. § 15b.

> A cause of action [for violation of the antitrust laws] accrues and the statute begins to run when a defendant commits an act that injures a plaintiff's business.... This much is plain from the treble damages statute itself.... In the context of a continuing conspiracy to violate the antitrust laws, ... this has usually been understood to mean that each time a plaintiff is injured by an act of the defendants a cause of action accrues to him to recover the damages caused by that act and that, as to those damages, the statute of limitations runs from the commission of the act.

Higgins v. New York Stock Exch., Inc., 942 F.2d 829, 832 (2d Cir. 1991) (quoting Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 338 (1971). The only exception to this "date of injury" rule is the "rare case in which the damages caused by an antitrust injury are so speculative that the court is unwilling to estimate them." Id.

Here, Plaintiff cites anti-competitive behavior on the part of Spitzer beginning with a June 14, 1995 edict allegedly issued by the Office of the Governor that directed state officials not to furnish him with real estate sales data that had been made publicly available through a change in New York State law. Complaint, ¶ 17. Plaintiff claims that this order violated the Sherman Antitrust Act and imposed an illegal restraint on trade that caused him great economic injury. Id., at ¶ 20.

The Complaint struggles to allege actual injury suffered by Plaintiff, or to competition, as a result of the order. Assuming *arguendo* that there is such an injury, any actionable injuries must have occurred earlier than March 17, 2004.[2] Plaintiff asserts little evidence of antitrust injury caused by Spitzer after June 1995 aside from the general similarities that he draws between this and his recent clash with the City of Beacon, which imposed a comparable hold on municipal property tax data and written copies of various contracts requested by Plaintiff. Furthermore, the alleged involvement of Mr. Lee Kyriacou in this latest refusal does not implicate Spitzer, nor does it "refresh" Plaintiff's claim against him. Plaintiff's antitrust claim against Defendant Elliot Spitzer is too speculative to allege a timely injury.

The Court, therefore, dismisses the antitrust claim against Elliot Spitzer as time barred.

### b.    United States

Plaintiff named the United States as a defendant in this action. The Court is unable to discern what cause of action the Plaintiff attempts to state against the United States.

The United States has sovereign immunity from suit unless it waives that immunity. Dep't of the Army v. Blue Fox, Inc., 525 U.S. 255, 260 (1999) (citation omitted); Dotson v. Griesa, 398 F.3d 156, 177 (2d Cir. 2005) (citations omitted). Here, Plaintiff does not set forth any intelligible claims against the United States for which it has waived its sovereign immunity.

Accordingly, the Court dismisses all claims against the United States.

---

[2] Plaintiff commenced the instant action on March 17, 2008. Dk. No. 1. Four years prior to March 17, 2008, is March 17, 2004.

### c. New York State

Plaintiff also names the State of New York as a defendant. Under the Eleventh Amendment, federal courts lack jurisdiction over suits against states, even those brought by its own citizens. Dwyer v. Regan, 777 F.2d 825, 835 (2d Cir. 1985) (citing Edelman v. Jordan, 415 U.S. 651, 662-63 (1974) (citations omitted)); U.S. Const. amend. XI. This is true "regardless of whether the relief sought . . . was legal or equitable in nature." Jacobs v. Mostow, 2008 WL 834128, at *1 (2d Cir. March 27, 2008) (citing Dube v. State Univ. of New York, 900 F.2d 587, 594-95 (2d Cir. 1990)).

To date, the State of New York has neither filed an answer nor a motion to dismiss. However, the Court has the duty to raise jurisdictional issues *sua sponte*. Poindexter v. Nash, 333 F.3d 372, 383 (2d Cir. 2003) (citing United States v. Cotton, 535 U.S. 625, 630; Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908)). There being no indication that the State of New York has consented to suit, the Court dismisses Plaintiff's claims against New York State due to lack of subject matter jurisdiction.

### d. Non-State Actors

Plaintiff also names Bear Stearns & Co., Inc., 383 Madison LLC, and the New York State Democratic Committee[3] as defendants and asserts claims against them pursuant to 42 U.S.C. § 1983.

The elements of a claim pursuant to 42 U.S.C. § 1983 are that (1) a person, (2) acting under the color of state law, (3) subjected the plaintiff or caused the plaintiff to be

---

[3] The New York State Democratic Committee did not move to dismiss the claims against them. However, even where defendants have not made a motion to dismiss, a court may exercise its discretion *sua sponte* to dismiss the claims. Caporicci v. Nassau County Police Dept., 2007 WL 764535, at *8 (E.D.N.Y. March 6, 2007) (dismissing Section 1983 conspiracy claims against non-state actors that did not file motions to dismiss).

subjected, (4) to the deprivation of a right secured by the Constitution or laws of the United States. See, e.g., City of Oklahoma City v. Tuttle, 471 U.S. 808, 829 (1985) (Brennan, J., concurring in part).

Non-state actors may only be liable under Section 1983 if they have conspired with or engaged in joint activity with state actors. See, e.g., Briscoe v. LaHue, 460 U.S. 325, 300 n. 7 (1983); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Ginsberg v. Healy Car & Truck Leasing, Inc., 189 F.3d 268, 271 (2d Cir. 1999). "'To state a claim against a private entity . . . the complaint must allege facts demonstrating that the private entity acted in concert with the state actor to commit an unconstitutional act.'" Ciambriello v. County of Nassau, 292 F.3d 307, 324 (2d Cir. 2002) (quoting Spear v. Town of West Hartford, 954 F.2d 63, 68 (2d Cir. 1992)). A plaintiff "must provide some factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit." Romer v. Morgenthau, 119 F.Supp. 2d 346, 363 (S.D.N.Y. 2000). A conclusory allegation that a non-state actor conspired with a state actor does not suffice to state a Section 1983 claim. Zemsky v. New York, 821 F.2d 148, 151-52 (2d Cir. 1987). Additionally, the receipt of public funds (*i.e.*, that the Democratic Party may be partially funded with federal money through the Federal Election Commission), is insufficient to transform private entities into state actors. Rendell-Baker v. Kohn, 457 U.S. 830, 841 (1982).

Here, Plaintiff makes barely comprehensible allegations of conspiracy between Defendants. Rather than set forth facts to show conspiracy, Plaintiff asks the Court to look into whether there was conspiracy. Plaintiff claims that he is "entitled to understand to what extent there was collusion between The Democratic Party of New York State, Bear Sterns
and Eliot Spitzer . . . and Plaintiff . . . is entitled to answers to questions raised herein." Complaint, ¶ 122.

The Court dismisses the claims against Bear Sterns, 383 Madison, and the New York State Democratic Committee because there is no plausible basis upon which to conclude that they acted under color of state law.

### e. Beacon Defendants

Plaintiff also attempts to state antitrust and harassment claims against Beacon and several of its current and former employees individually and in their official capacity. See Complaint, ¶¶ 56-84.

#### 1. Antitrust Claims

##### i. Sherman Act

Plaintiff claims that Beacon illegally restrained his trade by denying him access to property tax information, thereby prohibiting him from earning a living "through property tax record analysis or in seeking elective office." Complaint, ¶ 61, 70.

The Sherman Act prohibits "[e]very contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States." 15 U.S.C. § 1. To state a claim under the Sherman Act, a plaintiff must show that: (1) the defendants entered into a 'contract, combination . . . or conspiracy," (2) that contract, combination or conspiracy was "in the restraint of trade or commerce among the several States," and (3) the plaintiff consequently suffered economic injury. Id. A plaintiff must allege that he has suffered "antitrust injury" to state a claim for violation of Section 1 of the Sherman Act. George Haug. Co. v. Rolls Royce Motor Cars, Inc., 148 F.3d 136, 139 (2d Cir. 1998) (citations omitted). The plaintiff must demonstrate, "as a threshold mater, 'that the

challenged action has had an <u>actual</u> adverse effect on competition as a whole in the relevant market; to prove that it has been harmed as an individual competitor will not suffice.'" <u>Id.</u> (quoting <u>Capital Imaging v. Mohawk Valley Med. Assoc.</u>, 996 F.2d 537, 543 (2d Cir. 1993). Further, "it is not . . . proper to assume that the [plaintiff] can prove facts that it has not alleged or that the defendants have violated the antitrust laws in ways that have not been" set forth in the complaint. <u>George Haug</u>, 148 F.3d at 139.

Here, Plaintiff claims that Beacon failed to provide him with property tax assessment information despite his numerous requests. Complaint, ¶ 57-59. Plaintiff alleges that this refusal illegally restrained his trade because he planned to make a living by manipulating the data and selling it. <u>Id.</u>, at ¶ 9-16, 61-2. Plaintiff had also planned to run for Mayor of Beacon on a platform of lack of fairness in City property assessments. <u>Id.</u>, at ¶ 63.

Plaintiff does not allege any plausible facts that any conspiracy existed, he does not allege that he was engaged in interstate commerce, and he does not allege any actual economic injury to competition. Therefore, the Court dismisses Plaintiff's Sherman Act claim for failure to state a claim upon which relief can be granted.

### ii. Donnelly Act

Courts generally interpret New York's Donnelly Act "in a fashion identical to its federal counterpart, the Sherman Act." <u>North County Communications Corp. v. Verizon New York, Inc.</u>, 233 F.Supp. 2d 381, 385 (N.D.N.Y. 2002); <u>see also</u> <u>Artista Records LLC v. Lime Group LLC</u>, 532 F.Supp. 2d 556, 582 (S.D.N.Y. 2007) (dismissing a Donnelly Act claim pursuant to Fed. R. Civ. P. 12(b)(6) for overlapping with federal antitrust claims); N.Y. Gen. Bus. Law § 340. Dismissal of Sherman Act claims requires the dismissal of Donnelly Act

claims. Empire Volkswagon, Inc. v. World-Wide Volkswagon, Corp., 814 F.2d 90, 98 n. 4 (2d Cir. 1987).

The Court dismisses Plaintiff's Donnelly Act claim for the same reasons discussed above.

### 2. Harassment

Plaintiff also seems to be making a Fourth Amendment claim that he was falsely arrested by a Beacon police officer. Id. at ¶ 79.

To state a false arrest claim, the plaintiff must allege: (1) that defendants intended to confine him; (2) that he was conscious of his confinement; (3) he did not consent to be confined; and (4) that the confinement was not otherwise privileged. Singer v. Fulton County Sheriff, 63 F.3d 110, 118 (2d Cir. 1995); Bernard v. United States, 25 F.3d 98, 102 (2d Cir. 1994).

Here, Plaintiff does not allege any facts to demonstrate a cognizable claim. For example, he does not state the date or circumstances of his arrest.

The Court dismisses Plaintiff's Fourth Amendment claim for failure to state a claim upon which relief can be granted.

### f.    Supplemental Jurisdiction

Having dismissed all Plaintiff's federal law claims, the Court exercises its discretion to dismiss any remaining state law claims.

### g.    Rule 8

In addition to the foregoing, Plaintiff's Complaint fails to comply with the Fed. R. Civ. P. Rule 8's requirement that it set forth a short and short plain statement showing that the pleader is entitled to relief. Typically, the remedy for a Rule 8 violation is to grant leave to

file an amended complaint. In Salahuddin v. Cuomo, 861 F.2d 40 (2d Cir. 1988), the Second Circuit cautioned against dismissals, advising that "'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitled him to relief.'" Id. at 43 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Dioguardi v. Duringing, 139 F.2d 774 (2d Cir. 1944)). There, the court allowed the plaintiff to file an amended complaint, after determining that the original complaint was "neither vague nor incomprehensible." Salahuddin, 861 F.2d at 43.

Here, Plaintiff has filed numerous unsuccessful *pro se* actions, largely against the same defendants and regarding the same types of complaints. In 1998, in state court, Plaintiff sued then Governor George Pataki. See Gebman v. Pataki, 681 N.Y.S.2d 701 (3d Dept. 1998), leave to appeal denied without opinion, 717 N.E.2d 1083 (N.Y. 1999), cert. denied, 528 U.S. 1005 (1999), petition for rehearing denied, 528 U.S. 1107 (2000). As Plaintiff admits, the case "was thrown out as being incomprehensible and too long at nearly 2,000 pages." Complaint, at ¶ 32. In 2002, Plaintiff filed a civil rights complaint against the New York State Democratic Committee and the New York State Democratic Party. See Gebman v. New York State D. Committee et al, Case No. 02-cv-3789 and Gebman v. New York State D.P. et al, Case No. 02-cv-3489. In 2007, Plaintiff sued New York State, Beacon City and the United States for $10 million, pursuant to 42 U.S.C. § 1983. See Gebman v. New York, 2008 WL 2433693 (N.D.N.Y. June 12, 2008).

Here, Plaintiff filed the original complaint on March 17, 2007, which he superseded with increasingly longer First, Second, and Third Amended Complaints over the following seven days. Dk. Nos. 1, 5, 6, 8. The Third Amended Complaint is 40 pages long and alleges "100 Causes of Action." Complaint, at ¶ 132. Far from being a short and plain

statement, the Complaint is incredibly dense and verbose and impossible to discern which facts support the respective claims. It is further impossible to track which allegations are redundant and which represent new allegations. Assessing the materiality of such voluminous pleadings is next to impossible. See Fed. R. Civ. P. 12(f) ("the court may order stricken from any pleading any redundant [or] immaterial matter"); see also Jackson v. Onondaga County, 549 F. Supp.2d 204, 213 (N.D.N.Y. 2008) ("when a plaintiff is proceeding *pro se*, '"all normal rules of pleading are not absolutely suspended"' . . . . an opportunity to amend should be denied where the 'problem with [plaintiff's] causes of action is substantive' such that '[b]etter pleading will not cure it.') (citations and footnotes omitted).

A Court may *sua sponte* dismiss a *pro se* complaint if it is "frivolous on its face or wholly insubstantial." Moorish Science Temple of America, Inc. v. Smith, 693 F.2d 987 (2d Cir. 1982) (citing Cunningham v. Ward, 546 F.2d 481, 482 (2d Cir. 1976)). The Second Circuit affirmed a district court decision to dismiss, without leave to amend, a *pro se* complaint that "contained a labyrinthian prolixity of unrelated and vituperative charges that defied comprehension." Prezzi v. Schelter, 469 F.2d 691, 692 (2d Cir. 1972) (finding that the complaint failed to state facts amounting to a claim upon which relief could be granted), cert. denied, 411 U.S. 935 (1973).

Plaintiff's Complaint must be dismissed as it provides no meaningful basis for the Court to assess the sufficiency of his claim and is wholly insubstantial.

### e. Motion for Rule 11 Sanctions

Defendants Bear Sterns and 383 Madison LLC filed a Motion for Sanctions against Plaintiff, pursuant to Fed. R. Civ. P. 11. Dk. No. 31. They assert that Plaintiff's claims were frivolous enough to warrant sanctions. Id.

A court may impose sanctions against a party who advances a frivolous legal argument. Fed. R. Civ. P. 11(b)(c). However, the Second Circuit has instructed that sanctions "should be imposed with caution," Knipe v. Skinner, 19 F.3d 72, 78 (2d Cir. 1994), and any doubts should be resolved in favor of the nonmovant. Perez v. Posse Comitatus, 373 F.3d 321, 324 (2d Cir. 2004). "The test as to whether . . . [a party] made a reasonable inquiry prior to signing a pleading is an objective standard of reasonableness under the circumstances at the time the . . . [party] acted." Eady v. Lappin, 2007 WL 1531879, at * 3 (N.D.N.Y. May 22, 2007) (quoting Musaelian v. Posada, 1997 WL 733865, at *1 (N.D.N.Y. Oct. 24, 1997) (internal citation omitted).

Here, the Complaint and its amendments contain highly speculative and near incomprehensible claims with little or no chance of recovery under existing law. However, notwithstanding Plaintiff's previous litigation experience, the Court declines to impose sanctions at this time. However, Plaintiff is warned that the filing of future frivolous claims may result in monetary or other sanctions.

## IV. CONCLUSION

For the foregoing reasons,

Defendants Bear Stearns & Co., Inc., and 383 Madison LLC's Motion to Dismiss is **GRANTED**;

Defendants Charles Kelly, Steve Gold. Lee Kyriacou, Clara Lou Gould, Joe Braun, and City of Beacon's Motion to Dismiss is **GRANTED**;

Defendant United States of America's Motion to Dismiss is **GRANTED**;

Defendant Elliot Spitzer's Motion to Dismiss is **GRANTED**;

The claims against Defendant State of New York are DISMISSED;

The the claims against Defendant New York State Democratic Committee are DISMISSED;

Defendants Bear Stearns & Co., Inc., and 383 Madison LLC's Motion for Sanctions against Plaintiff is **DENIED;**

and the Third Amended Complaint is DISMISSED IN ITS ENTIRETY.

IT IS SO ORDERED.

August 8, 2008

*Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge